## THE STATE, use of Derrickson, et. al. *vs.* EBE WALTER, Executor of ARTHUR WEST, deceased.

A bequest of the proceeds of the sale of lands to a church is *void.*

DEBT on an administration bond. Case stated.

The case stated set forth, that Arthur West died in the year 1831, having duly made his last will and testament, wherein, after sundry

legacies, he directed that all his lands, and all the residue of his personal estate, should be sold within six months after his decease, at public vendue for cash; and, after all his just debts should be fully satisfied, that the residue or balance of the money shall be equally divided between the three Methodist churches, namely : Antioch, Salem and the Head of the Sound church.    And he appointed the said Ebe Walter his executor.    That after payment of debts there remained for distribution under the residuary clause, the sum of $501-03.    The cestuis que use are the heirs at law of Arthur West.

The question stated was "is the residuary bequest of the balance of the money of the estate of the testator, composed as that balance is, entirely of the proceeds of the sale of the real estate of the testator's land, to the three churches of Antioch, Salem, and the Head of the Sound, a void bequest.    And if so, does that balance go to the heirs at law of the testator?    If the court are of opinion that the bequest is void, and that the balance should go over to the heirs at law of the testator, then judgment to be entered for plaintiff; but if the court should be of opinion that the said bequest is valid, then judgment to be entered for defendant.

*The Court,* without hearing argument, gave judgment for plaintiff, on the authority of the lesse of *Furguson, et. al.* vs. *Hedges,* 1 *Harr. Rep,* 524, and *The State use of Wiltbank, et. al.* vs. *Wiltbank's administrator,* (ante p. 18.)

*C. G. Ridgely,* for plaintiff.

*Thomas Robinson, jr.,* for defendant.